**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 00-20240
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

NADEEM SADRUDDIN ISMAIL,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Southern District of Texas
USDC No. H-99-CR-713-1

---

June 7, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Defendant Nadeem Sadruddin Ismail appeals his conviction for violation of 8 U.S.C. § 1326 which prohibits a person who has been previously deported from being present in the United States without consent of the Attorney General. We affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

In December 1999, Ismail was indicted for having been found present in the United States after having been deported, in violation of § 1326(a) and (b)(2). Ismail moved to dismiss the indictment on grounds that it failed to allege any *actus reus* or any intent. The district court denied the motion, convicted Ismail after a bench trial, and sentenced him to serve a 63-month prison term and three years of supervised release.

We review Ismail's challenges to the sufficiency of his indictment *de novo*. See United States v. Guzman-Ocampo, 236 F.3d 233, 236 (5th Cir. 2000).

Ismail contends that his indictment was insufficient to support the 16-level increase in his offense level and the resulting enhanced sentence under § 1326(b)(2) because it did not allege his prior conviction. Section 1326(a) provides that an alien without a prior conviction who is convicted of illegal reentry following deportation faces a two-year maximum prison sentence. Under § 1326(b)(2), however, if the alien's prior deportation was subsequent to a conviction for an aggravated felony, the maximum sentence is twenty years. The Supreme Court has held that, because § 1326(b)(2) provides for a sentencing factor and not a separate criminal offense, the aggravated felony triggering the increased maximum penalty need not be alleged in the indictment. Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Ismail acknowledges that Almendarez-Torres forecloses the

issue, but he argues that <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348 (2000), indicates that <u>Almendarez-Torres</u> is no longer viable.  <u>See</u> <u>Apprendi</u>, 120 S. Ct. at 2362 & n.15.  However, this court has held that the Supreme Court's <u>Apprendi</u> decision "expressly declined to overrule <u>Almendarez-Torres</u>," which therefore remains in effect. <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert.</u> <u>denied</u>, 121 S. Ct. 1214 (2001).  We find no merit in Ismail's <u>Apprendi</u> argument.

Ismail next contends that his indictment does not charge an offense because it fails to allege any general intent on his part.[1] The general intent of a defendant to re-enter the United States may be inferred from the fact that the defendant was previously deported and subsequently found in the United States without consent of the Attorney General.  <u>United States v. Berrios-Centeno</u>, ___ F.3d ___, 2001 WL 435494, *3 (5th Cir. April 27, 2001).  The indictment in the instant case is almost identical to the indictment found sufficient in <u>Berrios-Centeno</u>.  <u>Id.</u> at *4 n.4.  We

---

[1]Ismail's indictment states:

THE GRAND JURY CHARGES THAT
*Count One*
  On or about November 1, 1999, in the Houston Division of the Southern District of Texas,
                  NADEEM SADRUDDIN ISMAIL
defendant herein, an alien previously deported and removed from the United States, was found present in the United States at Houston, Texas, without having obtained the consent of the Attorney General of the United States to apply for readmission into the United States.
[Violation: Title 8, United States Code, Section 1326(a) and (B)(2)]

3

conclude that Ismail's indictment sufficiently alleged the general intent *mens rea* required in § 1326 offenses.

For the foregoing reasons, we affirm Ismail's conviction.

AFFIRMED.